**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| DISTRICT OF COLUMBIA, ) | |
| ) | |
| Plaintiff, ) | |
| ) Civil Action No. 04-1451 (EGS) | |
| v. ) | |
| ) | |
| JANE DOE, NEXT BEST FRIEND OF ) | |
| JOHN DOE, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**MEMORANDUM OPINION**

Plaintiff, District of Columbia, brought an action against Defendant, the parent and next best friend of John Doe, a minor child, appealing the decision of a Hearing Officer with respect to the minor.  The Hearing Officer's decision was issued pursuant to the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1415.  Defendant challenges this Courts grant of Summary Judgment for Plaintiff and denial of Defendant's Cross-Motion for Summary Judgment.  This Court previously rejected Defendant's claims, and with one exception, the claims made here are identical.  This Court **DENIES** Plaintiff's Motion to Alter or Amend the Judgement under Federal Rule of Civil Procedure 59(e).

**I.  BACKGROUND**

Only a brief procedural background is necessary, as the facts of this case were clearly laid out in the Court's previous

1

opinion.  *See District of Columbia v. Doe*, 573 F. Supp. 2d 57, 60-61 (D.D.C. 2008).  John Doe was a student in the sixth grade at Janney Elementary School when a behavioral incident occurred.  That incident was the subject of both earlier administrative proceedings and proceedings in this Court.  Doe is now seventeen years old, and he is no longer a student in the District of Columbia Public School System.  The suspension that resulted from the administrative proceedings is what is at issue here.  After a series of administrative decisions, meetings, hearings, and appeals, the District of Columbia brought a challenge in this Court to a reduction in time of Doe's suspension that was granted by a Hearing Officer.  Both the District of Columbia and Doe filed Motions for Summary Judgment.  On August 28, 2008, this Court granted the District of Columbia's Motion and denied Doe's Motion.  Displeased with the Court's Order, on September 12, 2008, Doe filed a Motion to Stay Proceedings and to Vacate and Reconsider, which this Court construes as a Motion to Alter or Amend the Judgement under Federal Rule of Civil Procedure 59(e).  *See Emory v. Sec'y of Navy*, 819 F.2d 291, 293 (D.C. Cir. 1987) ("Courts have routinely construed papers captioned 'motion to reconsider' as a motion to alter or amend the judgment under Rule 59(e)." (citing *Fischer v U.S. Dep't of Justice*, 759 F.3d 461, 465-65 n.4 (5th Cir. 1985))).

**II.   DISCUSSION**

Defendant argues that this Court's holding in *District of Columbia v. Doe* was clear error.  *See* Def.'s Mot at 1.  Doe maintains, among other things, that this Court is biased and that the case is moot.  These arguments were presented and fully briefed in Doe's original Motion for Summary Judgment.  Doe also alleges anew that the case was time-barred.

Federal Rule of Civil Procedure 59(e) allows a party to file a motion to alter of amend a judgment, but these motions "are disfavored and relief from judgment is granted only when the moving party establishes extraordinary circumstances." *Niedermeier v. Office of Baucus*, 153 F. Supp. 2d 23, 28 (D.D.C. 2001).  "A Rule 59(e) motion 'is discretionary' and need not be granted unless the district court finds that there is an 'intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'"  *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996) (citation omitted).  "Indeed, the law is clear that a Rule 59(e) motion is not a second opportunity to present argument upon which the Court has already ruled, nor is it a means to bring before the Court theories or arguments that could have been advanced earlier."  *Anyanwautaku v. Sezego*, 2006 WL 2223960, at *1 (D.D.C. 2006) (internal quotation marks omitted).

Defendant has identified no change of controlling law, new evidence, or the need to correct a clear error.  Nor has he established extraordinary circumstances.  Though Doe alleges that this Court has committed clear error, his argument is not persuasive.  Allegations that are simply restated arguments for why the Court should have ruled in a litigant's favor are not sufficient to sustain a claim of clear error.  Most of Doe's arguments were presented before this Court in *Doe* and rejected. *See New York v. United States*, 880 F. Supp. 37, 38 (D.D.C. 1995) (per curiam) ("A Rule 59(e) motion to reconsider is not simply an opportunity to reargue facts and theories upon which a court has already ruled.").  This Court would waste valuable time and resources by reiterating the same reasoning this Court relied upon when it granted Defendant's Motion to Dismiss.

The only argument that Doe presents anew is that the District of Columbia's case is time-barred.  Doe should have raised this argument earlier.  Doe did not raise this argument in his Motion for Summary Judgment or in his Opposition to the District of Columbia's Motion for Summary Judgment.  "It is well established that [a] plaintiff cannot resuscitate [a] case post-dismissal by alleging facts or legal theories that were available . . . at the inception of [the] case." *Niedermeier*, 153 F. Supp. 2d at 28 (citation omitted).

For the reasons this Court clearly articulated in *Doe*, this Court **DENIES** Defendant's Rule 59(e) motion.  *See* 573 F. Supp. 2d at 61-64.

### III.  CONCLUSION

Defendant's Motion to Alter of Amend Judgment is **DENIED**.  An appropriate Order accompanies this Memorandum Opinion.

**SO ORDERED.**


**Signed:**   **Emmet G. Sullivan**
**United States District Judge**
**December 31, 2008**